Decided July 18, 1895.

## MANAUDAS *v.* HEILNER.
### [45 Pac. 758.]

PLEADING — ACTION TO ENFORCE CONVEYANCE — CONDITION PRECEDENT.— Where a decree required a reconveyance of property to plaintiff on payment by him of a certain amount, such payment became a condition precedent to the maintenance of an action to enforce the conveyance, and a complaint which fails to allege it does not state a cause of action.

From Baker: ROBERT EAKIN, Judge.

This is a suit to compel the reconveyance of certain placer mines, ditches, flumes, and water rights, and for an accounting for the rents and profits thereof. The principal issue involved in the controversy is the right of the plaintiff in a contract entered into by the defendants S. A. Heilner and his deceased partner E. D. Cohn with one W. B. Benson, a copy of which is set out in the opinion in the case of *Manaudas* v. *Heilner*, 12 Or. 335. The plaintiff, referring to that suit, alleges in his complaint herein: "That thereupon the said plaintiff brought suit in the Circuit Court for the State of Oregon, for the County of Baker, to compel said Heilner and Cohn to execute said reconveyance, and for an accounting against Heilner and Cohn, and such proceedings were had that by a decree of the Supreme Court of the State of Oregon, on June tenth, eighteen hundred and eighty-five, in said suit, it was decreed that said Heilner and Cohn, within sixty days after the entry of said decree in the court below, should execute and deliver to the

plaintiff herein, a good and sufficient deed or other instrument or reconveyance of all the property conveyed to them by the conveyance of March the twenty-sixth, eighteen hundred and seventy-eight, heretofore set forth and described in this complaint, except such personal property as was not delivered to them or retained by the plaintiff herein, and except also such property as the said Heilner and Cohn had sold, and the price therefor had been credited to this plaintiff on accounts between them, which had been settled, unless the plaintiff should pay to said Heilner and Cohn such purchase price." It is also alleged that after the rendition of that decree Benson failed to comply with the terms of his agreement, whereupon Heilner and Cohn reentered and took possession of the mining property, and in March, eighteen hundred and ninety-one, wrongfully sold and attempted to convey the ditches and water rights appurtenant thereto to the defendants W. Brunner, S. Lansway, and John France, who, at the time of their alleged purchase, had knowledge that Heilner and Cohn held the legal title to said property in trust for the plaintiff, and had no authority to sell or convey the same; that, Cohn having died intestate, the defendants Clara, Jesse, Joseph, Millie, and Sanford Heilner, who were the next of kin and heirs at law of the said Cohn, succeeded to his estate. A demurrer to the complaint having been sustained, and the suit dismissed, the plaintiff appeals.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John L. Rand.*

For respondents there was a brief and an oral argument by *Mr. Thomas H. Crawford.*

Opinion by Mr. Justice Moore.

The only question presented by the appeal is whether the facts stated in the complaint are sufficient to constitute a cause of suit. The plaintiff having set forth the terms of the decree in *Manaudas* v. *Heilner and Cohn,* 12 Or. 335, an examination of the opinion of the court in that case becomes necessary. It was there decided that the defendants were trustees, and held the legal title to certain property for the plaintiff, and it was decreed that they should reconvey the same to him. Thayer, J., in speaking of the property transferred by Manaudas to Heilner and Cohn, which was the subject of that suit, says: "A good deal of the property included in the instrument by which the transfer was made to the appellants was never delivered to them, nor did they have possession thereof. That property, of course, should not be included in the decree for a reconveyance." And speaking of the property which had been sold to Benson, the learned justice says: " Nor should the property that has been sold by appellants, where the respondent has been credited with the price, be decreed to be reconveyed, except upon condition that respondent pay such price." The repayment of this purchase price thus becomes a condition precedent to the maintenance of this suit, and, since the plaintiff has not alleged such repayment, his complaint fails to

state facts sufficient to constitute a cause of suit, and the court committed no error in sustaining the demurrer. It follows that the decree is affirmed, and the suit dismissed.    AFFIRMED.